# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV ED 19-968 PA (SKx) | Date | June 3, 2019 |
|---|---|---|---|
| Title | Andrew C. Johnson v. Kaiser Permanente, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Kaiser Foundation Hospitals ("Defendant"), erroneously sued as Kaiser Permanente, on May 24, 2019. Defendant contends that the Court possesses federal question jurisdiction pursuant to 28 U.S.C. § 1331 over the Complaint filed by plaintiff Andrew C. Johnson ("Plaintiff"). Specifically, Defendant's Notice of Removal asserts that this Court's jurisdiction is based on § 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185.

Plaintiff filed his Complaint in Riverside County Superior Court on March 6, 2019. Plaintiff's Complaint alleges claims for: (1) wrongful termination; (2) retaliation; (3) failure to investigate retaliation; (4) negligence; (5) intentional infliction of emotional distress; (6) negligent infliction of emotional distress; (7) unfair business practices in violation of California Business and Professions Code §§ 17200, et seq. According to the Notice of Removal, Plaintiff's employment with Defendant was governed by a collective bargaining agreement ("CBA") between Defendant and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy Allied Industrial and Service Workers International Union.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under this rule,

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV ED 19-968 PA (SKx) | Date | June 3, 2019 |
|---|---|---|---|
| Title | Andrew C. Johnson v. Kaiser Permanente, et al. | | |

"federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id.  If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

Defendant has not asserted a satisfactory basis for this Court's jurisdiction.  Defendant claims the Court has federal question jurisdiction over this case because the action arises under federal law, namely § 301 of the LMRA.  Section 301 of LMRA states: "Suits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ." 29 U.S.C. § 185(a).  The Supreme Court has interpreted § 301 to require claims "alleging a violation of a provision of a labor contract [to] be brought under § 301 and be resolved by reference to federal law." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211, 105 S. Ct. 1904, 1911, 85 L. Ed. 2d 206 (1985).  This preemption of state claims extends "beyond suits alleging contract violations" to those requiring interpretation of the provisions of labor agreements:

> [Q]uestions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by references to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort.  Any other result would elevate form over substance and allow parties to evade the requirements of § 301 by relabeling their contract claims as claims for tortious breach of contract.

Id.  However, the scope of § 301 preemption is not absolute:

> [N]ot every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law. . . . Clearly, § 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law.  In extending the pre-emptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional intent under that section to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract.

Id. at 211-12, 105 S. Ct. 1911-12, 85 L. Ed. 2d 206.  "[T]o help preserve state authority in areas involving minimum labor standards, the Supreme Court has distinguished between claims that require

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV ED 19-968 PA (SKx) | Date | June 3, 2019 |
|---|---|---|---|
| Title | Andrew C. Johnson v. Kaiser Permanente, et al. | | |

interpretation or construction of a labor agreement and those that require a court simply to 'look at' the agreement." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1108 (9th Cir. 2000). In particular, "when the meaning of contract terms is not subject to dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." Livadas v. Bradshaw, 512 U.S. 107, 124, 114 S. Ct. 2068, 2078, 129 L. Ed. 2d 93 (1994).

"[E]ven if dispute resolution pursuant to a [collective bargaining agreement], on one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 preemption purposes." Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 409-10, 108 S. Ct. 1877, 100 L. Ed. 2d 410 (1988). Accordingly, preemption under § 301 requires a two-step analysis. Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007). First, the Court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." Id. If the right is conferred by a collective bargaining agreement, preemption applies. Id. If the right is conferred by state law, the Court must determine whether the plaintiff's claim is nevertheless "substantially dependent on analysis of a collective bargaining agreement." Id. (internal quotation marks omitted). If the claim requires the court to "interpret," rather than merely "look to," the collective bargaining agreement, then the claim is substantially dependent thereon and is preempted by § 301. Id. at 1060; see also Detabali v. St. Luke's Hospital, 482 F.3d 1199, 1203 (9th Cir. 2007) (internal quotation marks omitted) ("The plaintiff's claim is the touchstone for this analysis; the need to interpret the collective bargaining agreement must inhere in the nature of the plaintiff's claim.").

The primary focus of Plaintiff's Complaint appears to be that Defendant has discriminated against Plaintiff due to his medical condition and retaliated against him for filing various grievances. He asserts a claim for wrongful termination in violation of public policy based on these actions. Although Defendant asserts that these claims are preempted by § 301, the Ninth Circuit has repeatedly held that § 301 does not preempt state law claims, including the California Fair Employment and Housing Act ("FEHA") discrimination claims, even where a CBA contains provisions that may be relevant to such claims. See Jimeno v. Mobil Oil Corp., 66 F.3d 1514, 1522-1528 (9th Cir. 1995); Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 748-49 (9th Cir. 1993); Cook v. Lindsay Olive Growers, 911 F.2d 233, 237-38 (9th Cir. 1990); Jackson v. S. Cal. Gas Co., 881 F.2d 638, 643-44 (9th Cir. 1989); Chmiel v. Beverly Wilshire Hotel Co., 873 F.2d 1283, 1286-87 (9th Cir. 1989); Ackerman v. W. Elec. Co., 860 F.2d 1514, 1517-18 (9th Cir. 1988).

Defendant's cursory references to provisions in the CBA that may be relevant to Plaintiff's claims do not satisfy Defendant's burden when removing an action to establish § 301 preemption. The Notice of Removal's allegations fall well short of establishing that resolution of Plaintiff's state law claims will require interpretation of the CBA by the Court. Plaintiff's claims are primarily based on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV ED 19-968 PA (SKx) | Date | June 3, 2019 |
|---|---|---|---|
| Title | Andrew C. Johnson v. Kaiser Permanente, et al. | | |

retaliation and wrongful discharge by Defendant. Although reference to the terms of the CBA may be necessary, legal interpretation of those terms is unlikely to be even a marginal aspect of this case. Cf. Ramirez v. Fox Television Station, 998 F.2d 743, 749 (9th Cir. Cal. 1993) ("The Bargaining Agreement may be crystal clear – that all or no employees need such verification forms – but Fox nonetheless may have ignored the Bargaining Agreement in Ramirez's case or applied it to her in a discriminatory manner. Thus, reference to or consideration of the terms of a collective-bargaining agreement is not the equivalent of interpreting the meaning of the terms."). Moreover, even if the CBA provisions at issue did govern the actions giving rise to Plaintiff's state claims, it is well established that California has articulated standards for Plaintiff's claims that are sufficiently clear to allow evaluation of those claims without considering any overlapping provisions of the CBA. See Jimeno, 66 F.3d at 1526-27. Finally, it is also well established that California has shown an intent not to allow the requirements of FEHA to be altered or removed by private contract." Id. at 1527-28; Jackson, 881 F.2d at 644.

The Court therefore concludes that Defendant has failed to satisfy its burden to establish that § 301 of the LMRA preempts Plaintiff's state-law claims or any other basis to confer federal question jurisdiction. For the foregoing reasons, the Court remands this action to Riverside Superior Court, Case No. RIC1901781, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.